**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**SHAY HITCHCOCK**                                                                                      **PLAINTIFF**

**V.**                                                                                        **CASE NO. 1:04CV70**

**ATLANTIC SOUTHEAST AIRLINES, INC.**                                                       **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the Court on the defendant's motion for summary judgment [36-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Shay Hitchcock, a resident of Clarksdale, Mississippi, formerly employed by the Transportation Security Administration ("TSA") at the Golden Triangle Regional Airport in Columbus, Mississippi. The defendant is Atlantic Southeast Airlines, Inc. ("ASA"), a Georgia corporation.

On March 27, 2003, Hitchcock performed a routine security screen on Bill Brownlee, an ASA employee. Apparently, Brownlee repeatedly set off the metal detector due to some piece of metal located in the region of his belt buckle. Later, Brownlee lodged a complaint against Hitchcock, claiming that Hitchcock had improperly groped him and made sexually suggestive remarks during the security screen. Brownlee later demanded that Hitchcock publicly apologize for "homosexually harassing" him. Brownlee also publicly referred to Hitchcock as a "cocksucker," a vulgarity which, the parties concede, can either be used specifically as a derogatory remark against homosexuals or as a generically vulgar insult. It is important to note that Hitchcock categorically denies being a homosexual and also denies committing any of the improper actions of harassment alleged by Brownlee. Consequently, in the absence of any definitive evidence otherwise, the Court

accepts as true the plaintiff's position that Hitchcock is not a homosexual, that no homosexual harassment took place, and that the security screen performed on Brownlee was properly conducted.

Following the altercation between Hitchcock and Brownlee, employees of the TSA investigated the alleged incident, although the parties dispute the investigation's ultimate results. Ultimately, although Hitchcock did offer an apology to Brownlee for any embarrassment he might have suffered, Hitchcock refused Brownlee's request that he specifically and publicly apologize for "homosexual harassment." The TSA then gave Hitchcock the option of resignation or termination, and he resigned from the TSA. He alleges in his complaint that he has been unable to secure new employment since leaving the TSA due to rumors and innuendoes of sexual misconduct which have dogged him since the incident with Brownlee. Consequently, Hitchcock has been driven into bankruptcy, purportedly as a result of Brownlee's defamatory comments and accusations.

On February 26, 2004, Hitchcock filed this complaint against the ASA, alleging claims of "malicious interference with employment" and defamation by ASA employees acting within the course and scope of their employment.

## **ANALYSIS**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and

avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

As a threshold matter, the Court notes the following facts. First, the complaint prays for "reinstatement" in addition to other relief. TSA, the entity which employed Hitchcock, is not a party to this suit, and thus, the Court has no power to order such reinstatement. Second, the complaint alleges that both federal question and diversity jurisdiction exist, and ASA interprets the invocation of federal question jurisdiction to imply the existence of a claim against it under federal anti-discrimination suits. No such claims are raised by the complaint, and Hitchcock concedes that he has no such claims. Accordingly, the Court concludes that the invocation of federal question jurisdiction was inadvertent on the part of the plaintiff. The only remaining claims to be addressed are defamation and the tort of "malicious interference with employment," which the ASA claims does not exist. The Court will address each in turn.

**I.     DEFAMATION.**

The elements of a defamation claim under Mississippi law are as follows:

1.   a false and defamatory statement concerning the plaintiff;
2.   the unprivileged publication of the statement to a third party;
3.   fault amounting to at least negligence on the part of the publisher; and
4.   either actionability of the statement irrespective of special harm or existence of special harm caused by the publication.

Armistead v. Minor, 815 So.2d 1189, 1193 (Miss. 2002). Mississippi employs a bifurcated process in analyzing defamation claims, in which the Court must first consider whether the publication of the allegedly defamatory statement is protected by a qualified privilege, defined as follows:

3

> A communication made in good faith and on a subject matter in which the person making it has an interest, or in reference to which he has a duty, is privileged if made to a person or persons having a corresponding interest or duty, even though it contains matter which without this privilege would be slanderous, provided the statement is made without malice and in good faith.

Eckman v. Cooper Tire & Rubber Co., 893 So.2d 1049, 1052 (Miss. 2005).

Accepting the allegations in the complaint as true, the Court finds that disputed issues of fact preclude a finding of qualified immunity at this stage. The complaint specifically alleges that Brownlee knew that his allegations of "homosexual harassment" were false, and that he maliciously made them anyway out of personal animus towards Hitchcock. The questions of malice and bad faith are within the province of the jury and are not amenable to summary judgment, at least on the record currently before the Court.

The parties also spend considerable time debating whether Brownlee's undisputed use of the vulgarity "cocksucker" in reference to Hitchcock constitutes an accusation of homosexuality or simply, as the defendant says, a stronger version of the word "jerk." The ASA cites several cases for the proposition that this particular vulgarity should not be interpreted as an accusation of homosexuality. See generally Grillo v. John Alden Life Ins. Co., 939 F.Supp. 685, 688 (D. Minn. 1996); Schwartz v. Home Depot U.S.A., Inc., 2000 WL 1780245 (N.D. Ill 2000)(holding that nothing in complaint supported inference that use of term "cocksucker" referred to sexual conduct as opposed to its use as colloquial, non-sexual insult); Crawford v. United Steelworks, AFL-CIO, 335 S.E.2d 828, 839 (Va. 1985)(use of insults "cocksucker" and "motherfucker" did not imply that subject of insult engaged in sodomy or incest, respectively, where insults were levied against workers who crossed picket lines and nothing in record raised possibility that insults could literally be true).

As the plaintiff notes, these cases are plainly distinguishable from the case at bar, where

4

Brownlee referred to Hitchcock as a "cocksucker" in the context of a disciplinary hearing to determine whether Hitchcock homosexually harassed Brownlee. Accordingly, the questions of what Brownlee meant by his use of this vulgar term and whether it was intended to identify Hitchcock as a homosexual predator are also for the jury to decide.

## II.     MALICIOUS INTERFERENCE WITH EMPLOYMENT.

The ASA argues that the tort referred to as "malicious interference with employment" has not been recognized by Mississippi courts. The plaintiff cites Levens v. Campbell, 733 So.2d 760-61 (Miss. 1999) for the elements of this claim. However, the ASA responds by pointing out that the plaintiff in Levens did not pursue a claim for malicious interference with employment but instead a claim for tortious interference with contract. See Levens, 733 So.2d at 760. The Court is not persuaded by this exercise in semantics. While "tortious interference with contract" is obviously the preferred term of art for this tort, a claim for "malicious interference with employment contract" was raised in Hammons v. Fleetwood Homes of Mississipi, Inc., 2004 WL 2711313 (Miss. App. 2004). There, the Mississippi Court of Appeals simply and without further comment interpreted the claim raised by the plaintiff to be a claim for tortious interference with contract. The Court is persuaded that, even if Mississippi does not recognize a separate claim for malicious interference with employment," it undoubtedly views such interference to be a subset of the general tortious interference with contract claim. Accordingly, summary judgment is denied as to this issue.

## CONCLUSION

Based on the foregoing analysis, it is hereby ORDERED that the defendant's motion for summary judgment is GRANTED IN PART AND DENIED IN PART. Specifically, it is GRANTED to the extent that it seeks dismissal of any implied federal causes of action raised by the

complaint, and it is DENIED as to the plaintiff's claims for defamation and malicious interference with employment, which the Court construes to be a claim for tortious interference with employment contract. A separate order to that effect shall issue this day.

This is the 18th day of August, 2005.

                                              **/s/ Michael P. Mills**
                                              **UNITED STATES DISTRICT JUDGE**